# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALAN KIRKENDOLL | CIVIL ACTION |
| VERSUS | 17-1701-SDD-RLB |
| ENTERTAINMENT ACQUISITIONS, LLC. | |

## RULING

This matter is before the Court on the *Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim*[1] filed by Defendant, Entertainment Acquisitions, LLC ("Defendant"). Plaintiff, Alan Kirkendoll ("Plaintiff"), has filed an *Opposition*[2] to this motion. For the reasons that follow, the Court finds that the motion should be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2015, the parties executed a Promissory Note in which Defendant agreed to pay Plaintiff monthly installments of $35,200.20 until the value of the note (approximately $2.5 million dollars in principal, plus five percent non-compounding interest accruing monthly) was paid in full.[3] Defendant paid monthly installments timely until April 2017, when the payments ceased.[4] In October 2017, Plaintiff filed suit in the 23rd Judicial District Court for the Parish of Ascension, asserting two claims: first, a

---

[1] Rec. Doc. No. 4.
[2] Rec. Doc. No. 9.
[3] Rec. Doc. No. 1-1, ¶ 2.
[4] Rec. Doc. No. 1-1, ¶ 4.
47772

demand to "accelerate all sums due"[5] under the Note and second, a demand that the court recognize Plaintiff's security interest encumbering certain property described in the Note.[6] Defendant removed the suit to this Court under 28 U.S.C. §1332[7] and now moves to dismiss Plaintiff's case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff failed to plead sufficient facts that demonstrate his entitlement to the relief requested.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[8] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[9] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[10] In *Twombly*, the United States Supreme

---

[5] Rec. Doc. No. 1-1, ¶ 4, 5.
[6] Rec. Doc. No. 1-1, ¶ 9.
[7] Defendant's Notice of Removal states that Plaintiff is a Louisiana domiciliary and Defendant is a Delaware limited liability company whose sole member is a Colorado domiciliary (Rec. Doc. No. 1 ¶1 and 2). Thus, complete diversity of citizenship exists. The Notice further states that Plaintiff alleged damages of more than $1.8 million, well in excess of the amount in controversy requirement (Rec. Doc. No.1 ¶ 11). Since the facts giving rise to jurisdiction are viewed as of the time of removal, this Court's dismissal of Plaintiff's claims does not affect its jurisdiction over the case, even if the dismissal has the effect of reducing the amount in controversy.
[8] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[9] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
47772

Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[11] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[14] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[15] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[16]

---

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[13] *Twombly*, 550 U.S. at 570.
[14] *Iqbal*, 556 U.S. at 678.
[15] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[16] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
47772

B. Analysis

1. <u>Plaintiff's Acceleration and Security Interest Claims</u>

In his Petition, Plaintiff seeks acceleration of the payment of the Note, alleging that Defendant's failure to make monthly installment payments is "causing a default under the terms of the note."[17] This allegation of default conflicts with the terms contained in the attached Promissory Note, which states on its face that late payments only give rise to a default when they are outstanding as of the "Maturity Date," defined as the seven-year anniversary of the note, or upon the occurrence of a "Liquidity Event."[18] The Plaintiff has not pleaded any facts to demonstrate the occurrence of a Liquidity Event, and the Maturity Date of the Note is March 31, 2022. Plaintiff has not made a facially plausible allegation of default because missed installment payments do not give rise to default by the terms of the Note, and Plaintiff has not pleaded other facts that provide a basis for finding that a default has occurred. Without a default, the Note does not provide for acceleration. Ultimately, Plaintiff's allegation of default is "a legal conclusion couched as a factual allegation,"[19] which the Supreme Court stated in *Twombly* is not enough to survive a 12(b)(6) Motion to Dismiss.

For his part, Plaintiff concedes that, based on the terms of the Note, "no event of default exists,"[20] and "plaintiff cannot accelerate the balance due on the note."[21]

---

[17] Rec. Doc. No. 1-1, ¶ 2.
[18] Rec. Doc. No. 1-1, p. 4.
[19] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d. 209 (1986)).
[20] Rec. Doc. No. 9, p. 3.
[21] *Id.*
47772

Considering Plaintiff's admissions, his claim is implausible on its face and unsupportable on its merits, Plaintiff failed to state a claim sufficient to survive dismissal under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff now attempts to retroactively assert a claim for relief regarding the non-accelerated past-due payments in his *Memorandum in Opposition to Motion to Dismiss*,[22] where he argues that, in the absence of an enforceable acceleration clause, "plaintiff is entitled to a money judgment for each installment payment that is due."[23] As this Court noted in *DiPietro v. Cole*, "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss."[24] Plaintiff's petition does not contain a breach of contract claim or any other means for recovering the past-due payments apart from acceleration. Although some of the facts Plaintiff pleaded in support of the acceleration claim do overlap with the facts that would be necessary to prove breach of contract regarding the past-due payments, Plaintiff did not state a claim for those payments, and the Court declines to accept argument in briefs as a substitute for properly pleaded claims in a petition.

In *Regions Bank v. C.H.W. Rest., LLC*,[25] the United States Court for the Eastern District of Louisiana denied a motion to dismiss in a suit over a promissory note because the plaintiff pleaded sufficient facts in its complaint to establish the existence of a valid

---

[22] Rec. Doc. No. 9.
[23] Rec. Doc. No. 9, p. 4.
[24] No. 16-566-SDD-RLB, 2017 WL 5349492 at *7 (M.D. La. January 23, 2017). See also, *Marchman v. Crawford*, 237 F.Supp.3d 408, 432 (W.D. La. 2017).
[25] No. CV 17-8708, 2018 WL 3136003, at *6 (E.D. La. June 27, 2018).
47772

promissory note, a failure to pay amounts due, and damages. But *Regions* is distinguishable from the instant case because the plaintiff there did not merely plead facts that *could* apply to a claim for breach of contract – it explicitly stated a claim for breach of contract in its complaint. Here, Plaintiff merely attempts to repackage the allegations from his Petition into a new claim. It may be the case, as Plaintiff claims, that he "has a cause of action against Defendant for the monthly installments,"[26] but that cause of action has not been pleaded adequately.

Plaintiff's second claim seeking "judgment . . . recognizing the security interest contained in the note"[27] and further praying that "when said property is sold, plaintiff be paid by preference and priority out of the proceeds of the sale"[28] is clearly dependent upon the successful pleading of the claim for acceleration. Because Plaintiff has failed to state a claim that entitles him to money damages, it necessarily follows that he has failed to state a claim regarding the execution of a security interest.

2. Dismissal

Plaintiff's *Memorandum* asks the Court to "dismiss the remainder of Plaintiff's claim, without prejudice, as Plaintiff still retains the right to sue defendant for all installment payments."[29] Once the acceleration claim is dismissed, however, there is no claim remaining in the suit that would permit recovery; Plaintiff did not assert a claim for breach

---

[26] Rec. Doc. No. 9, p. 6.
[27] Rec. Doc. No. 1-1, ¶ 9.
[28] *Id.*
[29] Rec. Doc. No. 9, p. 4.
47772

of contract or any other cause of action by which the past due installment payments could be recovered if the acceleration claim is dismissed. A breach of contract claim can be validly asserted only by amending the Petition. Plaintiff has not moved for leave to amend, and the Court cannot rule on a motion not before it.

The Fifth Circuit has held that dismissal with prejudice is disfavored as "an extreme sanction that deprives a litigant of the opportunity to pursue his claim."[30] Generally, it "is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists."[31] In his memorandum of February 19, 2018, Plaintiff admitted that he failed to state a claim in his Petition. Per the scheduling order in this case, the deadline for amended pleadings was February 22, 2018.[32] Plaintiff's failure to request an opportunity to amend once he had notice of the deficiencies in his pleadings may be perplexing, but it is not clear that it rises to the level of "a clear record of delay or contumacious conduct"[33] such that dismissal with prejudice is warranted. In *Durham v. Florida East Coast Railway Co.*, the origin of the standard quoted above, the Fifth Circuit considered whether a Plaintiff whose attorney who waited until trial was underway to move for leave to amend was still entitled to dismissal without prejudice, stating that although "[h]e may have been lacking in the consideration lawyers should have . . . there is no evidence of his bad faith in the record. And we consider that his negligence was insufficient to justify dismissal of

---

[30] *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir. 1980).
[31] *Id.* (quoting *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).
[32] Rec. Doc. No. 6, p. 1.
[33] *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967).
47772

the complaint with prejudice."[34] The same could be said of the conduct in the instant case. Accordingly, Plaintiff's claims are dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, the Defendant's *Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim*[35] is GRANTED. Plaintiff's claims are DISMISSED without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 17, 2018.

	*[signature: Shelly D. Dick]*
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[34] *Id.* at 368.
[35] Rec. Doc. No. 4.
47772